# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **PARRIS ELAINE KEANE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-00357 |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Magistrate Judge Holmes has entered a Report and Recommendation ("R&R") (Doc. No. 17) in which she recommends that Parris Keane's Motion for Judgment Based on the Administrative Record (Doc. No. 13) be denied, and that the decision denying benefits by the Social Security Administration be affirmed. Keane raises one objection to the R&R. Having considered the matter *de novo* as required by Rule 72(b) of the Federal Rules of Civil Procedure, the Court agrees with the recommended disposition and will overrule Keane's objection.

Utilizing the well-established-five step sequential evaluation process for determining whether an individual is disabled, 20 C.F.R. 416.920(a), an Administrative Law Judge ("ALJ") determined that Keane had a number of impairments that more than minimally limited her ability to perform basic work activity for purposes of step two. Nevertheless, the ALJ found that Keane's claim for benefits failed at step five, and credited a Vocational Expert's testimony that a hypothetical person of the same age and work history as Keane with the same Residual Functional Capacity could perform the requirements of certain representative unskilled, light exertional level occupations. This would include work as a cashier (with 3,000,000 jobs available nationwide); ticket seller (with 1,000,000 jobs available nationwide); and maid (with 2,000,000 available jobs available

nationwide). (Administrative Transcript, Doc. No. 10 at 61). After that testimony, the ALJ presented the Vocational Expert with a couple of hypothetical situations, the last of which asked whether those same jobs could be performed by an individual who might need to take two extra 15-minute breaks a day once a week due to migraines or other limitations. (Id. at 62). The Vocational Expert answered this inquiry in the negative. In response to counsel's follow-up question, the Vocational Expert also opined that if a person needed to take at least one additional day off per week, this could "preclude employment." (Id. at 64). Because the ALJ in her written decision failed to discuss the hypotheticals presented to the Vocational Expert, Keane insists that a remand is necessary.

This same argument was presented to, and rejected by, Magistrate Judge Holmes. As she explained, "[b]ecause the ALJ did not find that these hypothetical requirements – additional time off or needing additional breaks during the workday – were supported by substantial evidence, a fact that the plaintiff does not dispute, the ALJ was not obligated to accept or discuss the VE's response to hypothetical questions reflecting these unsupported limitations." (Doc. No. 17 at 16). This conclusion is fully supported by the authority cited by Magistrate Judge Holmes, including Bolton v. Colvin, No. CV 15-11838, 2016 WL 6651792, at *6 (E.D. Mich. June 3, 2016) (stating that "the ALJ was not required to consider answers to all hypothetical questions," only those that were "based on the limitations that were credited by the ALJ and supported by substantial evidence on the record") and Kendrick v. Astrue, 886 F. Supp. 2d 627, 639 (S.D. Ohio 2012) (explaining that "the ALJ needs to incorporate only those limitations that he or she accepts as credible"). And, lest there be any doubt, the Sixth Circuit recently observed:

> [A] vocational expert's answer to a hypothetical question serves as substantial evidence of the claimant's disability (or lack thereof). See, e.g., Ealy v. Comm'r of

Soc. Sec., 594 F.3d 504, 516 (6th Cir. 2010). But that rule applies *only if* the ALJ's question "accurately portray[s] a claimant's physical and mental impairments," id. (citing Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002) ), and the ALJ need not identify the claimant's precise limitations before posing hypothetical questions to the vocational expert. Maziarz, 837 F.2d at 247; Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 730 (6th Cir. 2013). Indeed, the ALJ may pose a question involving a hypothetical individual with several limitations—and then later decide that those limitations differed from the claimant's limitations. See, e.g., Maziarz, 837 F.2d at 247. That does not mean that the vocational expert's answer about the hypothetical individual binds the ALJ. To the contrary, the ALJ may well conclude that the vocational expert's answer is irrelevant to whether there are jobs in the national economy that the claimant can perform. Id. To hold otherwise would effectively eliminate the ALJ's ability to ask any questions about a hypothetical individual unless he had identified the exact contours of the claimant's disability by the time of the hearing.

Kessans v. Comm'r of Soc. Sec., No. 18-5831, 2019 WL 1748702, at *4 (6th Cir. Apr. 16, 2019) (emphasis in original). If "the ALJ need not expressly mention every piece of evidence so long as the overall decision was supported by substantial evidence," Noto v. Comm'r of Soc. Sec., 632 F. App'x 243, 250 (6th Cir. 2015), then the ALJ certainly need not discuss irrelevant and inconsequential opinions. See also Conner v. Comm'r of Soc. Sec., 658 F. App'x 248, 254 (6th Cir. 2016) ("[W]e do not require an ALJ to discuss every piece of evidence in the record to substantiate the ALJ's decision."); Karger v. Comm'r of Soc. Sec., 414 F. App'x 739, 749 (6th Cir. 2011) (observing that a "deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case").

Accordingly, the Court rules as follows:

(1) The R&R (Doc. No. 17) is **ACCEPTED** and **APPROVED**;

(2) Keane's Objection to the R&R (Doc. No. 18) is **OVERRULED**;

(3) Keane's Motion for Judgment Based on the Administrative Record (Doc. 13) is **DENIED**; and

(4) The Social Security Administration's denial of benefits is **AFFIRMED**.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE